# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

THOMAS G. SMITTLE,                    )        Case No.: 2:08-cv-00787-GMN-LRL
                                      )
                   Plaintiff,         )                **ORDER**
          vs.                         )
                                      )
NEVADA DEPARTMENT OF                  )
CORRECTIONS, et al.,                  )
                                      )
                   Defendants.        )
_____       )

## INTRODUCTION

Before the Court is Defendants State of Nevada ex rel., it's Department of Corrections[1] and Brian Williams' ("Defendants") Motion to Dismiss (ECF No. 28).  The motion is brought pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that Plaintiff has failed to exhaust his administrative remedies.  Plaintiff filed a Response to the motion (ECF No. 35).

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (ECF No. 28) is **DENIED without prejudice**.

## FACTS AND BACKGROUND

Plaintiff Thomas Smittle ("Plaintiff") is an inmate in the custody of the Nevada Department of Corrections and is currently housed at the Lovelock Correctional Center.  Defendant Brian Williams is the Warden of the South Desert Correctional Center, where Plaintiff was housed prior to being moved to Lovelock.  The incidents alleged in Plaintiff's complaint took place both while he was housed at SDCC and Lovelock.

---

[1]  The Nevada Department of Corrections was previously dismissed by the Court (ECF No. 25, 1/28/10) because it is "one of the arms" of the state and not a person for the purposes of section 1983.

1    Plaintiff alleges that Warden Williams made a decision to move a sweat lodge at
2    SDCC to an alternate location, in violation of Plaintiff's First Amendment rights. (First
3    Amended Complaint ["FAC"] at pg. 4, ECF No. 9).  Plaintiff also alleges that Warden
4    Williams threatened to put Plaintiff in disciplinary segregation for filing a grievance
5    regarding the relocation of the sweat lodge. (*Id.* at pg. 5).  Plaintiff also alleges in a
6    supplemental pleading that he was transferred to Lovelock Correctional Center punitively
7    after he filed an informal grievance complaint against Defendant Williams who sought to
8    move the current sweat lodge at South Desert Correctional Center to make way for new
9    construction. (*Id.* at pg. 6).  After being transferred, Plaintiff alleges a violation of his free
10   exercise of religion in that the Lovelock facility does not have a plunge pool nor does it
11   serve the traditional Indian meal that accompanies exercise of the Native American
12   religion. (*Id.*).

13   Plaintiff filed an initial Civil Rights Complaint on June 16, 2008. (ECF No. 1).
14   Plaintiff's complaint was filed on June 16, 2008, alleging violations of his First
15   Amendment rights. (Complaint, ECF No. 1 & 4).  On September 8, 2008, Plaintiff filed a
16   Supplemental Civil Rights Complaint (ECF No. 9), which added the claims of retaliation
17   and violation of his First Amendment rights at the Lovelock facility.  On October 24,
18   2008, this Court issued an Order permitting Plaintiff to amend his complaint, denying
19   Plaintiff's request for the appointment of counsel, and denying Plaintiff's motion for
20   injunctive relief. (ECF No. 16).  However, when Plaintiff's Amended Complaint was
21   filed, it was merely a copy of the original complaint. (ECF No. 26).  This was an error
22   that has now been corrected.  Plaintiff's Supplemental Complaint (ECF No. 9) was the
23   complaint which should have been filed as Plaintiff's Amended Complaint, and the Court
24   will treat it as such in determining the sufficiency of Plaintiff's claims.  The docket now
25   reflects that Plaintiff's Supplemental Complaint (ECF No. 9) and Amended Complaint

1  (ECF No. 26) are the same.  Plaintiff's Amended Complaint adds two additional counts

2  as well as adding both Howard Skolnik - Director of the State of Nevada's Department of

3  Corrections, and Jack Palmer - Warden of Lovelock Correctional Center, as Defendants.

4  (FAC, ECF No. 26).

5  **DISCUSSION**

6  **A.     Legal Standard for Exhaustion**

7          In 1995, Congress addressed the large number of prisoner complaints filed in

8  federal court with the Prison Litigation Reform Act of 1995 ("PLRA"), 110 Stat. 1321–

9  71, as amended, 42 U.S.C. § 1915A; 42 U.S.C. § 1997e(a).  PLRA intended to "reduce

10  the quantity and improve the quality of prisoner suits." *Jones v. Bock*, 549 U.S. 199, 203–

11  04, 127 S. Ct. 910 (2007) (*quoting Porter v. Nussle*, 534 U.S. 516, 524, 122 S. Ct. 983

12  (2002)).  "Among other reforms, the PLRA mandates early judicial screening of prisoner

13  complaints and requires prisoners to exhaust prison grievance procedures before filing

14  suit." *Id.* at 202.  42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with

15  respect to prison conditions under section 1983 of this title, or any other Federal law, by a

16  prisoner confined in any jail, prison, or other correctional facility until such

17  administrative remedies as are available are exhausted."

18          It is clearly established that the PLRA "does not impose a pleading requirement"

19  on the prisoner-plaintiff, but rather "creates a defense [and the] defendants have the

20  burden of raising and proving the absence of exhaustion." *Wyatt v. Terhune*, 315 F.3d

21  1108, 1119 (9th Cir. 2003).  The Supreme Court has held that "failure to exhaust is an

22  affirmative defense under the PLRA, and that inmates are not required to specially plead

23  or demonstrate exhaustion in their complaints." *Jones*, 549 U.S. at 216.  This Circuit has

24  held that "failure to exhaust nonjudicial remedies that are not jurisdictional should be

25  treated as a matter in abatement, which is subject to an unenumerated Rule 12(b) motion

rather than a motion for summary judgment." *Id.*  The court may look beyond the pleadings, but "dismissal of an action on the ground of failure to exhaust administrative remedies is not on the merits." *Id.*  (*quoting Heath v. Cleary*, 708 F.2d 1376, 1380 n.4 (9th Cir. 1983)).

Therefore, in order to bring a claim in federal court the prisoner must exhaust administrative remedies by "complet[ing] the administrative review process in accordance with the applicable procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 88, 126 S. Ct. 2378 (2006).  However, the rules "are defined not by the PLRA, but by the prison grievance process itself.  Compliance with prison grievance procedures, therefore, is all that is required to 'properly exhaust.'" *Jones*, 549 U.S. at 218.

**B.    Analysis**

In the present case, Defendants assert failure to exhaust administrative remedies as an affirmative defense.  In support of this they provide the prison regulations outlining the administrative remedy process. (Administrative Regulation 740, Ex. A, ECF No. 28-1).  Defendants also attach Plaintiff's inmate issue history report and case notes report, authenticated by the Affidavit of Jill C. Davis. (Inmate History Report, Ex. B ECF No. 28-1).  The inmate history report shows four different grievances between May 2008 and August 2008. (*Id.*).  Only one grievance, No. 20062742547, was grieved beyond the informal grievance level. (*Id.*).  Defendants, relying only upon the incorrect Amended Complaint, point out that neither the first or second counts alleged by Plaintiff correlate to any grievances that were properly exhausted through the administrative process.  This is true.

Plaintiff's Count I, relating to the relocation of the sweat lodge was not grieved beyond an informal level through the administrative process. (*Id.*).  Plaintiff's allegations in Count II regarding the threat or retaliation by Warden Williams, does not appear to

have been grieved at all. (*Id.*).  However, fatal to Defendants' motion is the evidence they have attached.  Their inmate history report states that it was prepared on August 28, 2008. (*Id.*).  This is two months prior to the Court's Order on October 24, 2008, permitting amendment of the complaint and prior to Plaintiff filing his First Amended Complaint on September 8, 2008.  As the report is incomplete, Defendants fail to meet their burden showing that Plaintiff failed to exhaust his administrative remedies.  Plaintiff may have exhausted his administrative remedies after the date this report was generated.

Additionally, Defendants ignore Plaintiff's Count III and IV.  This is most likely due to the clerical error discussed above.  Regardless, Defendants' motion does not address the additional counts included in Plaintiff's Amended Complaint (ECF No. 26).

In Count III, Plaintiff alleges that he was transferred to Lovelock, which has inferior facilities and more constrictive regulations in retaliation for filing this lawsuit. (FAC at pg. 6, ECF No. 26).  Plaintiff alleges that he was not afforded due process and that the transfer violated his free speech and rights to practice his religion under the First Amendment. (*Id.*)  Plaintiff filed a grievance on this matter, No. 20062769110, but only grieved to the informal grievance level, as of August 28, 2008. (Inmate History Report, Ex. B, ECF No. 28-1).

As to Count IV, it appears that this count was fully grieved.  In this count, Plaintiff alleges that Administrative Regulation 810 is a violation of the *Mickel v. Wolff* injunction pertaining to Native American inmates. (FAC at pg. 7, ECF No. 26).  The basis for claiming the regulation is improper is that Plaintiff alleges he is denied the plunge pool and traditional Indian meal that accompanies the sweat lodge ceremony. (*Id.*). Accordingly, Plaintiff claims that the prison has improperly burdened his First Amendment rights and that the regulation amounts to cruel and unusual punishment under the Eighth Amendment. (*Id.*).  This is the only claim that has been adequately

grieved in the report presented by Defendants.

There appear to be three grievances relating to this count, Nos. 20062742547, 20062747607, and 20062769110.  Grievance No. 20062742547 was first filed on June 30, 2008, and specifically addresses the claims regarding Administrative Regulation 810. (Inmate History Report, Ex. B, ECF No. 38-1).  It was subsequently grieved to the required Level 2 grievance as of August 28, 2008. (*Id.*).  Grievance No. 20062747607 was filed on July 14, 2008, and addresses the prison's denial of water to perform the sweat lodge ceremony. (*Id.*).  As of August 28, 2008, it was not grieved any higher administrative level. (*Id.*). Grievance No. 20062769110 was filed on August 25, 2008, and addresses the prison's denial of food preparation with the sweat lodge ceremony. (*Id.*).  As of August, 28, 2008, it was not grieved to any higher administrative level. (*Id.*). Grievance No. 20062742547 appears to be sufficient to show that Plaintiff did sufficiently grieve the claims alleged in this count.

## CONCLUSION

Defendants' Motion to Dismiss fails because Defendants failed to meet the evidentiary burden necessary for dismissal on the grounds of failure to exhaust administrative remedies.  The evidence presented by Defendants is insufficient because the inmate history report was produced prior to the Plaintiff filing his Amended Complaint.  This means that the report does not include any record of grievances between the date that the report was run and the filing of Plaintiff's Amended Complaint.

Additionally, Defendant's Motion only addresses the original complaint and not the correct amended complaint.  This is in part due to the error in docketing, however, Defendants neglected to realize this error despite the Court's Order that the Clerk of Court file the Amended Complaint (ECF No. 25) which was filed about 45 days prior to Defendants filing their Motion to Dismiss.  Further, as to Count IV, the evidence

submitted by Defendants demonstrates that Plaintiff did exhaust his administrative remedies as to that count.

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (ECF No. 28) is **DENIED without prejudice**.

DATED this 8th day of March, 2011.

_____
Gloria M. Navarro
United States District Judge